Kevin CASSIDY, Arthur Patrick Doyle, Jeffrey Riordan Hinich, Michael Francis McDermott, Gilbert R. Arroya, individually and on behalf of all others similarly situated, Plaintiffs,

v.

Honorable Louis J. CECI, individually and as County Judge, Branch 3, Milwaukee County, Wisconsin, E. Michael McCann, individually and as District Attorney, Milwaukee County, Wisconsin, Harold A. Brier, individually and as Chief of Police, City of Milwaukee, Wisconsin, Their Agents, Assistants, Successors, Employees, Attorneys and All Those Acting in Concert or Cooperation With Them or At Their Direction or Under Their Control, Defendants.

Civ. A. No. 70-C-139.

United States District Court,
E. D. Wisconsin.

March 24, 1970.

Sander N. Karp, Patricia D. McMahon, D. Winthrop Hass, and William M. Coffey, Milwaukee, Wis., for plaintiffs, for Wisconsin Civil Liberties Union.

Jeffrey B. Bartell, Asst. Atty. Gen., Madison, Wis., for defendant, Louis J. Ceci.

Patrick Madden and Thomas Hayes, Asst. City Attys., Milwaukee, Wis., for defendant, Harold A. Brier.

Michael D. Guolee, Asst. Dist. Atty., Milwaukee, Wis., for defendant, E. Michael McCann.

## MEMORANDUM OPINION AND ORDER DENYING TEMPORARY RESTRAINING ORDER

REYNOLDS, District Judge.

This is an action for injunctive and declaratory relief. Plaintiffs seek a declaration that § 947.06 of the Wisconsin Statutes, the unlawful assembly statute, is unconstitutional, and they seek to enjoin enforcement of that statute in criminal proceedings already instituted in state court against the named plaintiffs. This opinion is confined to the request for the convening of a three-

judge court and the motion for a temporary restraining order.

Jurisdiction is claimed under 28 U.S.C. §§ 1343(3) and (4), 2201, 2202, 2281, 2284, and under 42 U.S.C. §§ 1981, 1983, and 1985.

The complaint alleges that the plaintiffs were participants in a demonstration that occurred in Milwaukee on February 20, 1970. The purpose of the demonstration was to show support for the "Chicago 7" defendants, the "Milwaukee 3" defendants, and to protest certain policies of the State of Wisconsin and the United States, particularly this country's involvement in the war in Viet Nam. The demonstration was in the form of a march that commenced at the Milwaukee County War Memorial Center, proceeded to the Federal Building, and then continued toward the principal business district of downtown Milwaukee.

At a point near the Milwaukee River in downtown Milwaukee, the marchers were stopped by a cordon of Milwaukee policemen. Thereafter several marchers were arrested on various charges including unlawful assembly. Other marchers were arrested as they attempted to disperse and leave the area. Prior to the arrests there was no announcement by any sound amplifying device that the group of marchers had been declared to be an unlawful assembly.

The arrests took place at approximately 5:30 or 6:00 P.M. Those marchers arrested were taken into custody and detained until at least midnight, and some were not released until later the next morning. Bail for all those arrested was fixed in the amount of $500 each.

The complaint further alleges that on the morning following the arrests, the arresting officers were unsuccessful in their attempts to secure the issuance of charges—initially from the District Attorney and then from the City Attorney. After a county judge, not a defendant herein, indicated that he would issue charges, the District Attorney then determined that he would issue charges against some of those arrested.

The complaint challenges the constitutionality of the unlawful assembly statute on the grounds (1) that it is vague and uncertain and therefore violative of the due process clause of the Fourteenth Amendment, and (2) that it is overly broad and susceptible of an application to activities protected by the First and Fourteenth Amendments.

At the hearing on this motion, plaintiffs' counsel indicated that the brunt of the attack on the constitutionality of § 947.06 would be directed to this sentence in subsection (1): "An 'unlawful assembly' is an assembly which consists of 3 or more persons and which causes such a disturbance of public order that it is reasonable to believe that the assembly will cause injury to persons or damage to property unless it is immediately dispersed."

I am of the opinion that the likelihood of plaintiffs prevailing on the ultimate decision on their challenge to the statute is not so clear as to support the issuance of a temporary restraining order. I am, however, of the view that the constitutional issue raised by the plaintiffs is a substantial one that must be heard and determined by a three-judge court. I shall notify the Chief Judge of this circuit and request the designation of a three-judge court.

The second aspect of plaintiffs' complaint is that the prosecution of plaintiffs for their participation in the demonstration is a bad faith prosecution undertaken to punish plaintiffs' exercise of their rights and to deter them from further exercise of those rights. The facts appearing by affidavit in the record at present do not constitute a sufficient showing that the prosecution is one in bad faith. The showing made does not warrant this court interfering with prosecutions already commenced in the state court.

It is therefore ordered that plaintiffs' motion for a temporary restraining order must be and it is hereby denied.